**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| KORY SIJUAN CLAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOB SIMMONS, et al., )<br>)<br>Defendants. ) | Case No. 1:06CV137 LMB |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Kory Clay, a pretrial detainee at Pemiscot County Jail, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that applicant does not have sufficient funds to pay an initial filing fee and will allow applicant to proceed without payment thereof. Furthermore, after reviewing the complaint, the Court finds that the complaint survives review under 28 U.S.C. § 1915(e)(2)(B) at this time. As a result, the Court will order the Clerk to issue process or cause process to issue on the complaint. Additionally, the Court will order defendants to respond to the complaint pursuant to 42 U.S.C. § 1997e(g)(2).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess

and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $0.00, and an average monthly balance of $0.00. Applicant has insufficient funds to pay an initial filing fee. Accordingly, the Court will allow plaintiff to proceed without paying an intial filing fee.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

immune from such relief.  An action is frivolous if "it lacks an arguable basis in either law or in fact."  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 alleging that his constitutional rights have been violated while he has been incarcerated at Pemiscot County Jail.  Named as defendants are Bob Simmons (a/k/a Wilburn Simmons) (Jail Administrator), Tommy Greenwell (Sheriff, Pemiscot County), Chris Colloen (Correctional Officer), and Joe Bradshaw (Transport Officer).  Plaintiff seeks injunctive and monetary relief.

Liberally construing the complaint, plaintiff alleges the following facts.  Simmons, Colloen, and Bradshaw placed plaintiff

in administrative segregation as punishment for asking for a roll of toilet paper. The cell in which plaintiff was placed while in administrative segregation was unsanitary in that there was blood on the floor and it smelled of urine and feces. Plaintiff was not allowed to shower for days at a time. Because of the unsanitary conditions at the jail, plaintiff developed a staff infection for which he had to have surgery.

Greenwell allowed white inmates to have photographs of their family members, but did not allow plaintiff to have pictures of his family because plaintiff is black.

**Discussion**

Plaintiff's claims against defendants survive review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time. As a result, the Court will order defendants to respond to the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall not have to pay an initial filing fee.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue on the complaint.[1]

---

[1] Defendants are alleged to be found at the Pemiscot County Jail in Caruthersville, Missouri.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall respond to the complaint within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

Dated this  5th   Day of    December              , 2006.

_____
UNITED STATES MAGISTRATE JUDGE