## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

FILED

JUN 2 5 2007

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

|                             |     |                          |
| --------------------------- | --- | ------------------------ |
| **KORY SIJUAN CLAY,**       | )   |                          |
|                             | )   |                          |
| **Plaintiff,**              | )   |                          |
|                             | )   |                          |
| **vs.**                     | )   | **Case No. 1:06 CV 137 LMB** |
|                             | )   |                          |
| **BOB SIMMONS et al.,**     | )   |                          |
|                             | )   |                          |
| **Defendants.**             | )   |                          |

## ORDER

This matter is before the court on the Complaint of Plaintiff Kory Sijuan Clay on his civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Bob Simmons, et al. Presently pending before the court is plaintiff's motion to appoint counsel. (Document Number 4). Also pending is defendants' Motion to Dismiss Plaintiff's Complaint for Failure to Comply with Case Management Order, along with a Memorandum in Support (Docs. No. 14, 15), and defendants' Motion to Amend Case Management Order (Doc. No. 16). Plaintiff has not filed a response to defendants' motions.

The appointment of counsel in a civil case is governed by 28 U.S.C. § 1915 (d). It is within the district court's sound discretion whether to appoint counsel for those who cannot pay for an attorney under this provision. See In re Lane, 801 F.2d 1040, 1044 (8th Cir. 1986).

In determining whether a person who is indigent should be appointed counsel, the court should ascertain "whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003,

- 1 -

1005 (8th Cir. 1984). In addition, the court should consider the factual complexity, the plaintiff's ability to investigate facts, the existence of conflicting testimony, the plaintiff's ability to present her claim, and the complexity of the legal issues. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991), cert. denied, 504 U.S. 930, 112 S. Ct. 1995, 118 L.Ed.2d 591 (1992).

After consideration of the above factors, the undersigned concludes that it is not necessary that counsel be appointed for plaintiff at this point in the litigation. The undersigned finds that plaintiff has clearly presented his claims against defendants, and that it does not appear that "plaintiff as well as the court will benefit from the assistance of counsel." Thus, plaintiff's motion for appointment of counsel will be denied without prejudice. "Without prejudice" means that plaintiff may later ask for appointment of counsel if he feels it is necessary.

In their motion to dismiss, defendants state that pursuant to the Case Management Order issued by the court on January 11, 2007, plaintiff was directed to provide defendants with a list, including addresses, of all persons having knowledge or information of the facts giving rise to his claim, and any documents that plaintiff believes relate to or support his claim. Defendants state that plaintiff has failed to provide the materials mandated by the Case Management Order. Defendants contend that plaintiff's failure to comply with the Case Management Order prevents them from pursuing further discovery. Defendants further state that plaintiff has failed to keep the court and defendants aware of his new address. Specifically, defendants state that recent correspondence to plaintiff has been returned with no forwarding address.[1] Defendants thus request that the court dismiss plaintiff's Complaint for failure to comply with the Case

---

[1]Mailings from the Court Clerk have also been returned marked "undeliverable."

Management Order of January 11, 2007, and failure to keep the court up to date with his address.

Pursuant to Local Rule 5.04, failure to comply with the case management order may result in the imposition of sanctions by the court including dismissal of the action. See E.D. Mo. L.R. 5.04. In general, obtaining sanctions is a two-step process in which a party must first obtain an order compelling discovery under Rule 37(a), then move for sanctions under Rule 37(b) for failure to comply with the order. If a party fails to make a disclosure required by Rule 26(a),[2] or if a party fails to answer an interrogatory under Rule 33,[3] the discovering party may move for an order compelling an answer. The motion in each case must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.[4] If the court issues an order to compel and the party ordered to provide the disclosure or discovery does not comply, the movant then may seek appropriate relief.

As noted above, defendants allege that plaintiff has failed to comply with the discovery portion of the Case Management Order issued on January 11, 2007, and seek dismissal for violation of that order. One of the documents mailed to the plaintiff but returned to the court because the plaintiff was no longer in jail was the Case Management Order. Since the plaintiff did not receive the Case Management Order, the court feels it would be inappropriate to dismiss the case for failure to comply with an order the plaintiff did not receive. However the reason plaintiff did not receive the Case Management Order is his failure to follow Local Rule 2.06(B).

---

[2]See Rule 37(a)(2)(A).

[3]See Rule 37(a)(2)(B).

[4]See Rule 37(a)(2)(A) and (B); Helfand v. Gerson, 105 F.3d 530, 536 (9th Cir. 1997).

- 3 -

Local Rule 3.04A provides:

The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

In accordance with Rule 3.04A, under ordinary circumstances, before the court would consider motions having to do with discovery and disclosure, a statement by defendant's attorney that he/she has conferred with the other party but has been unable to resolve the issues after sincere efforts, is required.

However, as the Court states below, the law does not require the performance of a useless act, and since no one knows plaintiff's address, defendant's attorney will not be required to uselessly attempt to confer with plaintiff.

In addition, defendants contend that plaintiff has failed to advise them of his new address. The docket sheet indicates that copies of the court's orders mailed to plaintiff at his address at the Pemiscot County Jail were returned without a forwarding address, with a notation that plaintiff was not in jail. (Docs. No. 6, 13). Plaintiff has not notified the court of a change of address.

Rule 2.06 (B) provides as follows:

If any mail to a pro se plaintiff or petitioner is returned to the Court without a forwarding address and the pro se plaintiff or petitioner does not notify the Court of the change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice.

E.D. Mo. L.R. 2.06 (B).

As a general practice, in a case like this, the court would send an Order to Show Cause

directing the plaintiff to explain why his complaint should not be dismissed for failure to comply with the Case Management Order. However, two documents have been sent to the plaintiff, but have been returned as undeliverable because the plaintiff left his former address and has not informed the court or the defendants of his new address. Sending such an Order to Show Cause would obviously be useless and the law does not require the performance of useless acts.

Consequently, the court will proceed to dismiss the plaintiff's Complaint without prejudice in accordance with Local Rule 2.06(B) cited above.

The Motion to Amend Case Management Order by Defendants (Doc. No. 16) will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Complaint be and it is **dismissed without prejudice** pursuant to Local Rule 2.06(B).

**IT IS FURTHER ORDERED** that defendants' Motion to Amend Case Management Order (Doc. No. 16) be and it is **denied as moot**.

Dated this 25th day of June, 2007.

UNITED STATES DISTRICT JUDGE

- 5 -